Filed 12/30/14  P. v. Johnson CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B255729 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No. VA133055) |
| KAYRI MISEAN JOHNSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Raul A. Sahagun, Judge.  Affirmed.

Tracy L. Emblem, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief summation of the factual and procedural history of the case. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

## PROCEDURAL BACKGROUND

By Information, appellant Kayri Misean Johnson, was charged with second degree robbery (Penal Code, § 211[1]). The Information further alleged that, in committing the charged offense, appellant personally used a handgun (within the meaning of §§ 12022.53, subd. (b) & 1192.7, subd. (c)(8)); that he had a prior strike (§§ 667, subds. (b)-(j) & 1170.12); and that he had suffered a prior serious felony (§ 667, subd. (a)(1)).

Appellant pleaded not guilty. A jury thereafter found him guilty of robbery but did not find true the allegation as to personal use of a firearm. A bifurcated trial was conducted as to appellant's prior conviction (LASC Case No. TA113893), as to which the jury made a true finding.

Appellant was sentenced to 15 years in prison, the upper term of five years for his robbery conviction, doubled for the strike, plus a five year consecutive term enhancement for the prior serious felony conviction. He timely appealed.

## FACTUAL BACKGROUND

On the evening of December 10, 2013, as Jose Antonio Valenzo (Antonio) headed toward his car parked near the corner of 96th and Baird Streets in Los Angeles, he was approached by a black man (later identified as appellant) wearing black pants and a black sweater. As Antonio stepped back to allow appellant to pass by appellant grabbed Antonio and tried to hit him in the face. The men struggled and appellant pulled a gray object, which Antonio feared was a gun, from his waistband and poked it into Antonio's

---

[1] Statutory references are to the Penal Code.

shoulder. He told Antonio, "I'm gonna kill you, mother fucker," and "give me your cellular."

Antonio gave appellant his wallet and phone. After appellant left Antonio went to his residence nearby where his landlord called the police. The officers had Antonio ride with them in a patrol car to try to locate the suspect. As the patrol car headed down 98th Street, Antonio saw and identified appellant, who was jogging. When the patrol car came near, appellant sprinted away, crossed the street and jumped a fence into the backyard of a residence. Later, the officers brought Antonio back to a location at 98th and Success Streets where he identified appellant as the person who robbed him. At that location police retrieved Antonio's wallet, identification and cell phone.

On December 10, 2013, at about 9:45 p.m., Deputy Sheriff Robert Velez responded to the call after Antonio reported having had his wallet and cell phone taken at gunpoint minutes before. Deputy Velez instructed Antonio to get in the back of the patrol car so they could try to find the suspect. As they drove Deputy Velez saw a black male in dark clothing, jogging eastbound on 98th Street. The man turned around as the patrol car approached, and Antonio identified him as the person who had taken his property. Deputy Velez saw appellant drop what looked like a wallet near the curb before jumping the fence.

Deputy Velez requested backup for containment, and a helicopter and K-9 unit were summoned to the residence. Deputy Velez and Deputy Stoll, a K-9 handler, entered the backyard where the dog found appellant hiding. The officers recovered Antonio's cellphone and a pair of black pants within a few feet of where the dog had located appellant. Officers returned to the location where Deputy Velez saw appellant drop something, where they recovered Antonio's wallet. The area was searched, but no gun was found.

## *WENDE* REVIEW

After review of the record, appellant's court-appointed counsel filed an opening brief requesting this court to independently review the record to determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d at p. 441.) On August 29,

3

2014, we advised appellant he had 30 days within which to personally submit any contentions or issues he wished us to consider. To date, we have received no communication from appellant. We have examined the record in accordance with our obligations under *Wende*. We are satisfied that appellant received adequate and effective appellate review of the judgment in this action, that his counsel fully complied with her responsibilities, and that no arguable issues exist. (*People v. Kelly*, *supra*, 40 Cal.4th at pp. 109–110; *Wende*, *supra*, 25 Cal.3d at p. 443.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


ROTHSCHILD, P. J.


CHANEY, J.

4